THOMPSON, Judge.
Kirkland appeals a final order requiring his involuntary placement pursuant to the Baker Act, §§ 394.451-4785, Fla.Stat. (Supp.1982). He contends the evidence did not support the trial judge’s conclusion that he met the criteria for involuntary placement and that the trial judge erred in failing to notify the state attorney’s office of the placement hearing. We affirm.
Kirkland is a 31-year-old man who suffers from mental retardation and from intermittent psychotic episodes which occur most frequently during those periods when he does not take his medication. Much of Kirkland’s adult life has been spent in the Northeast Florida State Hospital at Mac-clenny. Approximately one year prior to the instant placement hearing he was taken out of the hospital and lived with his mother until his behavior forced his family to attempt to have him recommitted to the state hospital.
At the hearing Kirkland’s attorney argued that Kirkland’s retardation precluded his being involuntarily placed under the Baker Act because the Baker Act expressly excludes the mentally retarded from those defined as mentally ill. Sec. 394.455(3), Fla. Stat. (Supp.1982). However, the statute does not prevent a mentally retarded person from being involuntarily placed if he is mentally ill in addition to being retarded. *362 In this case there was competent substantial evidence that Kirkland was not only mentally retarded but was also mentally ill from a medical standpoint.
It is also contended that the trial judge erred in failing to notify the state attorney’s office of the placement hearing, and in interrogating the witnesses himself. The Baker Act in effect at the time of the placement hearing provides that “The court shall serve notice on the state attorney ... who shall represent the state.” Sec. 394.-467(3)(a), Fla.Stat. (Supp.1982) (emphasis added). The law makes notification mandatory, and it was error for the court to fail to notify the state attorney of the hearing. However, we decline to reverse under the circumstances of this case because we find that the error was harmless. The record of the placement hearing reveals no evidence that Kirkland was prejudiced by the absence of the state attorney, and no contention has been made that the judge was not impartial in his handling of the case.
AFFIRMED.
BOOTH and WENTWORTH, JJ., concur.